IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02410-MEH

THOMAS FORSYTH,

     Plaintiff,

v.

ANDREW SAUL, Acting Commissioner of the Social Security Administration[1],

     Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Defendant's Motion to Alter or Amend Judgment [filed August 7, 2019; ECF 32]. The matter is briefed to the extent required by law, and the Court finds that oral argument will not assist with adjudication of the motion. For the reasons that follow, Defendant's motion is denied.

### I. Background

     Plaintiff, Thomas Forsyth, appealed from the Social Security Administration ("SSA") Commissioner's final decision denying his application for disability insurance benefits ("DIB"), filed pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401–33, and his application for supplemental security income benefits ("SSI"), filed pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83c. On July 10, 2019, the Court affirmed in part, reversed in part, and remanded the Administrative Law Judge's order to the Commissioner for further consideration.

---

[1] The Court recognizes that Andrew Saul is now the Commissioner of the Social Security Administration and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

Order, ECF 31. Defendant, pursuant to Fed. R. Civ. P. 59(e), filed the present motion arguing that the Court's Order constitutes clear legal error. ECF 32.

Although provided the opportunity to do so, Plaintiff did not file a response brief.

## II. Discussion

Rule 59(e) motions may be granted only when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The basis for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Id.* (citations omitted). Defendant specifically identifies clear legal error as the basis upon which he relies for this motion and makes two arguments. First, he asserts that Plaintiff's post-traumatic stress disorder ("PTSD") was not medically determinable and, therefore, was not required to be considered for analysis of Plaintiff's residual functional capacity ("RFC"). Second, Defendant argues that, even if Plaintiff's PTSD was considered, it would not change the outcome of this case. The Court finds Defendant has not demonstrated a need to correct clear error by reconsidering and/or vacating the Court's previous Order.

First, the Court finds Defendant's second argument merely asserts the same reasoning proffered in his original response brief [ECF 21] to the Plaintiff's application. That is, Defendant previously argued that "the ALJ evaluated all of the record evidence in assessing the RFC and accounted for the verifiable symptoms and limitations stemming from all of Plaintiff's conditions." ECF 21 at 8. In the present motion, Defendant again argues the "ALJ reasonably assessed Plaintiff's mental functional abilities based on the entire record." ECF 32 at 4. In both arguments,

Defendant contends the ALJ's failure to specifically address Plaintiff's PTSD or to discuss the opinions from which the PTSD diagnosis arose was not in error because the ALJ considered Plaintiff's entire record. The Court was not persuaded by this argument for reasons set forth in the Order, and to reconsider the argument here would be improper. *Servants of the Paraclete,* 204 F.3d at 1012 (holding Rule 59(e) motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.")

With respect to his first argument, Defendant appears to misunderstand the Court's reason for remand. Defendant argues at length that Plaintiff was not diagnosed with PTSD by an acceptable medical source and, therefore, the impairment does not constitute a medically determinable impairment. According to Defendant, because the ALJ is required to consider only medically determinable impairments in an RFC, remanding this case because the ALJ failed to consider Plaintiff's PTSD would be clear legal error. Defendant is correct that opinions from non-acceptable medical sources "cannot establish the existence of a medically determinable impairment"; however, such opinions may "provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Garcia v. Colvin*, 14-cv-02631-LTB, 2015 WL 5719652, at *3 (D. Colo. Sept. 30, 2015) (citing SSR 06-03P (S.S.A.), 2006 WL 2329939 (Aug. 9, 2006)). Accordingly, the ALJ "generally should explain the weight given" the opinion "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* at *6.

> Since there is a requirement to consider all relevant evidence in an individual's case record, *the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical* sources *and from "non-medical sources" who have seen the claimant in their professional capacity.* Although there is a

> distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03P (S.S.A.), 2006 WL 2329939 (Aug. 9, 2006) (emphasis added).

Here, the ALJ did not evaluate or refer to a PTSD diagnosis anywhere in her decision. Furthermore, the ALJ did not explain why she disregarded the evidence submitted by the non-acceptable medical sources. In fact, nowhere in the decision is the phrase "PTSD" used, nor are the names of the two counselors who mentioned PTSD in their treatment notes identified. As such, this Court held the reversible error was the ALJ's complete and total omission of any analysis pertaining to Plaintiff's PTSD or the sources of the diagnosis. By so holding, the Court does not infringe on the ALJ's discretion to ultimately disregard any medical opinion she finds to be unsupported by substantial evidence. The case law is abundantly clear that the ALJ must evaluate every medical opinion in the record, including medical opinions that are not from acceptable medical sources, even if they are ultimately disregarded completely. And, the ALJ must do so in a manner that clearly explains her reasoning for completely disregarding Plaintiff's PTSD.

## III.    Conclusion

Based on the entire record and for the reasons stated above, the Defendant's Motion to Alter or Amend Judgment [filed August 7, 2019; ECF 32] is **denied**.

Ordered and dated at Denver, Colorado, this 28th day of October, 2019.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

4